In the United States District Court for District of Maryland
(Northern Division)

| | |
|---|---|
| Style Pantry LLC, <br> Folake Kuye-Huntoon, <br>                             Plaintiffs. <br> vs. <br> Hongkong Jigao Information & Technology Co., Ltd, d/b/a www.chicme.com, www.boutiquefeel.com, www.joyshoetique.com, <br>   616 Corporate Way, Suite 2-5451, Valley Cottage, NY 10989 <br><br> www.queenfy.com, <br>   3155 Elbee Rd, Moraine OH 45439 <br><br> www.adoryme.com, <br><br> Amazon.com Inc, <br>   1 Centerpoint Blvd, New Castle, DE 19702 <br><br> Amazon Technologies Inc, <br> Amazon Web Services Inc <br>   1 Centerpoint Blvd, New Castle, DE 19702 <br><br> PayPal Inc, <br>   2145 Hamilton Ave, San Jose, CA 95125 <br><br> Salesforce.com Inc, <br>   The Market @ One Market Street Ste. 300 <br>   San Francisco CA 94105 <br><br> Shopify Inc, <br>   150 Elgin Street, 8th Floor, Ottawa, <br>   Ontario, K2P 1L4, Canada, <br><br> and <br><br> Facebook Inc, d/b/a Instagram, <br>   1 Hacker Way, Menlo Park, CA 94025 <br>                           Defendants. | Case No.: **1:18-cv-01981** <br><br><br> DEMAND FOR JURY TRIAL |

# Verified Bill of Complaint

     Style Pantry LLC (hereinafter "Style Pantry") and Folake Kuye-Huntoon ("Plaintiffs"), by and through the undersigned attorney, bring this suit against Hongkong Jigao Information & Technology Co., Ltd, (d/b/a as www.chicme, www.boutiquefeel.com, or www.joyshoetique.com), www.queenfy.com, www.adoryme.com, Amazon.com Inc, Amazon Web Services Inc., Amazon Technologies Inc, PayPal Inc, Salesforce.com Inc, Shopify Inc, and Facebook Inc for copyright

infringement, secondary copyright infringement, unfair competition, and unjust enrichment. In support of this Complaint, Plaintiffs state:

## PARTIES

1. Plaintiff-Style Pantry LLC is a limited liability company organized and formed under the laws of the State of California. Ms. Folake Kuye-Huntoon is the President of Style Pantry LLC and unless otherwise stated, Ms. Kuye-Hunton's actions alleged in this Complaint are on behalf of Plaintiff in her corporate capacity.

2. Upon information and belief, Defendant, Hongkong Jigao Information & Technology Co., Ltd, is a company organized under Hong Kong laws or United Kingdom. At all relevant times, Defendant conducts business in the United States through www.chicme.com (Internet Protocol (I.P.) Address 54.148.218.115), www.boutiquefeel.com ( I.P. Address 52.34.61.19), www.joyshoetique.com (I.P. Address 34.212.5.187), and several other unknown websites. Defendant Amazon Technologies Inc is the webhost for www.chicme.com, www.joyshoetique.com, www.boutiquefeel.com. In other words, Amazon Technologies Inc's computers provide internet access to these websites.

3. Defendant www.queenfy.com is an online webstore whose actual ownership and identity is yet to be discovered. However, upon information and belief, Salesforce.com Inc is a service provider and agent to www.queenfy.com. Agents of www.queenfy.com have been located at 3155 Elbee Rd, Moraine OH 45439. Defendant-Shopify Inc is the webhost for www.queenfy.com.

4. Defendant www.adoryme.com is an online webstore whose actual ownership is yet to be discovered. However, Defendant Shopify Inc is the webhost for www.queenfy.com and Defendant Amazon Technologies Inc. is the webhost for www.adoryme.com.

5. Defendant(s) Hongkong Jigao Information & Technology Co., www.chicme.com, www.boutiquefeel.com, www.joyshoetique.com, and www.adoryme.com are hereinafter referred to as **Class A Defendants**.

6. Defendant-Amazon.com Inc. is the owner of Amazon Technologies Inc., and Amazon Web Services Inc. Amazon.com Inc does business as Amazon the behemoth corporation behind www.amazon.com. Amazon is licensed to conduct business in the State of Maryland.

7. Defendant, PayPal Inc., is a corporation licensed to conduct business in the State of Maryland. PayPal's principal place of business is located at 2145 Hamilton Ave, San Jose CA.

8. Defendant-Salesforce.com Inc, is a corporation licensed to conduct business in the State of Maryland. Salesforce.com's principal place of business is located at The Market @ One Market Street Ste. 300, San Francisco CA 94105. Salesforce.com Inc is a service provider to www.queenfy.com.

9. Defendant-Shopify Inc is a Canadian e-Commerce company that provides hosting services to e-Commerce sites. Shopify's principal place of business is located at 150 Elgin Street, 8th Floor, Ottawa, Ontario, K2P 1L4, Canada. Defendant-Shopify is a service provider to www.queenfy.com and www.adoryme.com.

10. Defendant-Facebook Inc is a corporation licensed to conduct business in the State of Maryland with its principal place of business located at 1 Hacker Way, Menlo Park, CA 94025

11. Defendants Amazon.com Inc, Amazon Web Services, Amazon Technologies, PayPal Inc, Shopify Inc, Facebook Inc, and Salesforce.com Inc are hereinafter collectively referred to as **Class B Defendants**. All the Class B Defendants are service providers to Class A Defendants.

## JURISDICTION AND VENUE

12. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, 17 U.S.C. § 101 et seq.

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

14. This court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1338(b) and 28 U.S.C. §1367(a). These claims are related to the other claims in this action over which the Court has original jurisdiction in that they form a part of the same case or controversy under Article III of the United States Constitution.

15. Venue is proper in this case pursuant to 28 U.S.C. §1391(b) and (c) and 28 U.S.C. §1400(a).

## FACTUAL BACKGROUND
### The Copyrighted Works

16. Plaintiffs owns all rights, title, and interest in and to the following images, all of which Plaintiffs have filed an application to register her copyrights and paid the appropriate fees with the application.

| Case # | Title | Type of Work | Fee Paid |
|---|---|---|---|
| 1-6708026782 | 2018-02-02-One Shoulder Drape Jumpsuit Belt | Published Photographs | $55.00 |
| 1-6708026705 | 2018-01-29-Side Slit Crop Top High Waist Belted Pa… | Published Photographs | $55.00 |
| 1-6708026669 | 2018-01-25-Folded Collar Tunic Ripped White Jeans | Published Photographs | $55.00 |
| 1-6708026571 | 2017-12-12-Wrap Bodice Fitted Midi Dress | Published Photographs | $55.00 |
| 1-6708026435 | 2017-12-11 FKSP Folded Collar Jumpsuit | Published Photographs | $55.00 |
| 1-6708026298 | 2017-11-16-Navy Bell Sleeve Wide Leg Jumpsuit | Published Photographs | 55.00 |
| 1-6706156151 | 2017-07-10-Buttoned Shoulder Dolman Sleeve Jumpsuit | Published Photographs | 55.00 |
| 1-6681871666 | 2016-06-14_Off_Shoulder_Frill_Sleeves_Midi_Dress | Published Photographs | 55.00 |
| 1-6681871602 | 2016-02-25-Frill_Sleeves_Jumpsuit | Published Photographs | 55.00 |

**Plaintiff's Background**

17. Folake Kuye Huntoon is a famous fashion blogger who runs the website blog Style Pantry and online fashion store ShopFKSP.com. Her refined look, feminine and full of finesse, has made her famous internationally. There's never a style influencer list complete without Folake Kuye-Huntoon's name, the blogger, stylist and designer who is loved for her out-of-the-world styling and co-ordination; simple, demure and absolutely chic take on intricate pieces.

18. Style Pantry has enjoyed unlimited success. Style Pantry has been featured in ESSENCE, NY MAG, ZARA People, HUFFINGTON Post Style, MTV STYLE Blogger Look Of The Week, Clutch Magazine, Style Sample Magazine Cover Girl, The Examiner, Refinery 29 – Street Style, Coco & Crème, Nasty Gal, For Fashion Freaks, You Look Fab, Spaz Magazine, We Love Colors, Denim Therapy, Chictopia, Fashiony Ru, Denimology, Fashion Bomb Daily, Statements In Fashion, Fashion Gist, Quality Rivets, Bella Naija, Natural Belle, Claire's Accessories, Bella Duafe, Too Cute Magazine, Everybody Is Ugly, K is For Kinky, Wonder Wall Stories, Amy, Are You OK?, Molton Fashion, Limited Edition, Shop Liquorice, Fashionably Black, Fashion Forecast – Chictopia, Ashlei Fearce, The Sweet 7, Black & White And Loved All Over, Annamaria Giovine Stylist, among many other magazines and fashion publications.

19. ESSENCE Magazine notes "Style Pantry showcases the hottest trends-it's a hip one-stop shop." (https://www.essence.com/galleries/black-style-now-forty-fab-fashion-bloggers#91371 last accessed on June 25, 2018)

20. Following the success of Style Pantry Blog, Ms. Kuye-Huntoon established ShopFKSP.com, a purveyor of fine clothing and design for the up and coming chic. ShopFKSP.com is known for delivering stylish accessible, budget-friendly clothing and accessories for the everyday woman.

21. To promote Style Pantry and ShopFKSP.com, Ms. Kuye-Huntoon models her collection and posts pictures of herself dressed in her new and innovative designs on StylePantry.com, ShopFKSP.com, and her Instagram Account. Style Pantry has over five hundred and forty-five thousand (545,000) Instagram active followers and ShopFKSP's Facebook page has received over 40,155 likes.

22. Upon information and belief, Defendant-Hongkong Jigao is the operator of ww.chicme.com, www.boutiquefeel.com, and www.joyshoetique.com websites where Defendant Hongkong Jigao sells counterfeit clothing of young American designers and bloggers under various tradenames and websites throughout the United States.

23. Upon information and belief, Defendants Hongkong Jigao, www.queenfy.com, and www.adoryme.com have developed software applications that constantly monitor www.stylepantry.com and www.shopfksp.com for new images of Plaintiff's designs and outfits. These images are subsequently edited and reposted by Defendants on its different websites for counterfeit sale of Plaintiff's design.

**CLAIMS FOR RELIEF**

<u>Count One</u>

**Direct Copyright Infringement Pursuant to 17 U.S.C 106 §106 and §501**

**-Against Defendant-Hongkong Jigao I.T. Co., Ltd,**

**d/b/a www.chicme.com, www.boutiquefeel.com, www.joyshoetique.com;**

**-Against Defendant www.adoryme.com**

**- Against Amazon.com Inc.**

24. Plaintiffs incorporate by reference and re-allege each allegation set forth above, as though fully set forth herein.

25. This cause of action is against Defendant Hongkong Jigao, www.adoryme.com, and Amazon.com Inc.

26. On or about December 10, 2017, Plaintiffs created the FKSP Folded Collar Jumpsuit. To launch the new collection, Plaintiff articulated and modeled the Jumpsuit Collection in

photographs. A pending copyright registration is pending for 2017-12-11 FKSP Folder Collar Jumpsuit.

27. Defendants never sought authorization to use Plaintiffs' copyrighted images.

28. Nonetheless, Defendants copied Plaintiff's Copyrighted works, edited Plaintiffs' copyrighted works, by cropping out Plaintiff-Kuye-Huntoon's head from the Copyrighted Works, and then uploaded Plaintiff's Copyrighted works on its websites to sell Plaintiff's clothes and design. (See Exhibit 3)

29. Upon information and belief, Defendants website, ChicMe.com, advertised for sale a Self-Belted Wide Leg Jumpsuit. Defendant-ChicMe.com's Self Belted Wide Leg is nearly identical to Plaintiff Folded Collar Jumpsuit with Plaintiff's image on Defendant-ChicMe.com site. (See Exhibit 1)

30. Upon information and belief, Defendant-ChicMe advertised for sale a Lantern Sleeve Tied High Waist Flaired Jumpsuit. Defendant-ChicMe.com's Lantern Sleeve Tied High Waist Flaired Jumpsuit is identical to Plaintiff's Navy Bell Sleeve Wide Leg Jumpsuit with Plaintiff's image on Defendant-ChicMe.com site. (See Exhibit 3)

31. Plaintiffs discovered that Defendants had reproduced, displayed, modified, and or prepared derivative copies of many of Plaintiff's copyrighted work.

32. Plaintiffs immediately notified Defendant-ChicMe that it had infringed Plaintiff's copyrighted works. Defendant failed to respond.

33. Notwithstanding Plaintiff's demand, Plaintiff's images continued to be displayed by ChicMe on Instagram, Google Ads, and Facebook. (See Exhibit 8)

34. Through Google Ads, Defendant's unauthorized use of Plaintiff's photograph is blatantly displayed on Plaintiff's websites. (See Exhibit 10).

35. Notwithstanding Plaintiff's demand for Defendant to cease and desist from using her photographs and Copyrighted Works, Defendant moved use of Plaintiff's images and copyrighted works to www.adoryme.com. (See Exhibit 2)

36. Pursuant to 17 U.S.C. §512, Plaintiff notified Amazon, PayPal, Salesforce.com, Shopify Inc of Defendant's infringement of Plaintiff's Copyright but service providers continued to abate Defendant's infringing activities. (See Exhibits 6, 7, 11, 12).

37. Attached as Exhibits 1, 2, 3,5, and 8 which are true and correct copies of the instances of infringement of Plaintiffs' Copyrighted Works.

38. Plaintiff owns all rights, title and interest in and to the images and the copyrighted works.

39. Defendant has copied, reproduced, distributed, adapted and/or publicly displayed Plaintiff's images and Copyrighted Works without Plaintiff's consent, permission, or authority, thereby directly infringing Plaintiff's copyrights in the Copyrighted Works.
40. Defendant's conduct constitutes infringement of Plaintiffs copyrights in the Copyrighted Works and exclusive rights to the same under the Copyright Act in violation of Section 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.
41. Each infringement of Plaintiffs rights in and to the images and Copyrighted Works constitutes a separate and distinct act of infringement.
42. The foregoing acts of infringement by Defendant have been willful, intentional and purposeful, in disregard of and indifferent to Plaintiff's rights.
43. As a direct and proximate result of Defendant's infringement of Plaintiffs exclusive rights Plaintiff is entitled to damages as well as Defendant's profits pursuant to 17 U.S.C. § 504(b).
44. Alternatively, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).
45. Plaintiff is further entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.
46. Defendant's conduct is causing, and unless enjoined and restrained by this Court will continue to cause, irreparable injury that cannot be fully compensated in money. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to injunctive relief prohibiting further infringements of its copyrights in the Copyrighted Works and images.

<u>Count Two</u>
**Unfair Competition Through Misappropriation**
**(-Against Defendant-Hongkong Jigao I.T. Co., Ltd,**
**d/b/a www.chicme.com, www.boutiquefeel.com, www.joyshoetique.com;**
**-Against Defendant -www.queenfy.com;**
**-Against Defendant www.adoryme.com**
**- Amazon.com Inc**

47. Plaintiff incorporates by reference the allegations of the preceding and subsequent paragraphs of this Complaint as if fully set forth in this Count.
48. This cause of action applies to Defendant Hongkong Jigao (and all its websites), www.queenfy.com, www.adoryme.com, and Amazon.com Inc.

49. Plaintiff has made a substantial investment of time, effort and money in creating the Copyrighted Works, Style Pantry Blog, ShopFKSP.com website, and Marketing Materials.

50. Plaintiff uses the images and Copyrighted Works to promote and sell its products.

51. Plaintiffs Copyrighted Works, Plaintiff's images, Style Pantry Blog, ShopFKSP website, and Marketing Materials are and have been an essential element in convincing customers to purchase Plaintiff's products.

52. Defendants directly competes with Plaintiff by selling and marketing similar products.

53. Defendants has willfully and intentionally misappropriated Plaintiff's property and property rights by intentionally and willfully copying, reproducing, distributing, adapting and/or publicly displaying and passing off, Plaintiff's images and Copyrighted Works, as that of Defendant's, with the intent of creating confusion and misunderstanding as to the source of the material.

54. Without Plaintiff's consent, Defendant has misappropriated Plaintiff's images and Copyrighted Works, and Marketing Materials and used them in Defendant's Marketing Materials to avoid the substantial time and expense required to create similar materials on its own.

55. Defendant has used the misappropriated property to directly compete against Plaintiff for customers.

56. As a result of Defendant's misappropriation, copyright infringement, and other acts of unfair competition, Plaintiff has suffered and continues to suffer severe economic injury, including lost sales, lost profits, and other compensatory damages in an amount to be determined at trial.

57. Defendant's conduct is causing and, unless enjoined and restrained by this Court, will continue to cause irreparable injury, including, but not limited to, the confusion of Plaintiff's products with Defendant's products, that cannot be fully compensated in money. Plaintiff has no adequate remedy at law. Plaintiff is entitled to injunctive relief prohibiting the above-described wrongful acts.

58. Defendant's above-described unlawful acts were willful, in disregard of, and with indifference to the rights of Plaintiff. Plaintiff is thus entitled to punitive damages in an amount to be proven at trial.

**Count Three**

**Unjust Enrichment**

**(-Against Defendant-Hongkong Jigao I.T. Co., Ltd,**

**d/b/a www.chicme.com, www.boutiquefeel.com, www.joyshoetique.com;**

**-Against Defendant www.queenfy.com;**

**-Against Defendant www.adoryme.com**

**-Against Amazon.com Inc.**

59. Plaintiff incorporates by reference the allegations of the preceding paragraphs as if fully set forth in this Count.

60. This cause of action applies to Hongkong Jigao, www.queenfy.com, www.adoryme.com, and Amazon.com Inc.

61. Without Plaintiffs' consent, Defendant has received and continues to receive a benefit through Defendant's unauthorized use of Plaintiffs images, photographs, and Copyrighted Works.

62. Defendant has received and continues to receive an unjust benefit from its unauthorized use of Plaintiffs property to promote Defendant's competing products to the detriment of Plaintiff.

63. Defendant has knowingly appreciated the benefit of its unauthorized use of Plaintiff's images and Copyrighted Works.

64. Allowing Defendant to retain the unjust benefit derived from its tortious unfair competition, copyright infringement, and misappropriation of property, without payment of commensurate value to Plaintiff, would violate the fundamental principles of justice, equity and good conscience.

65. Accordingly, any such enrichment is unjust and should, in equity, be returned to Plaintiff.

66. As a direct and proximate result of Defendant's unlawful use of Plaintiff's property and property rights, Plaintiff has been irreparably harmed and Defendant has been unjustly enriched at Plaintiff's expense. Accordingly, Plaintiff is entitled to an order requiring Defendant to disgorge any and all such profits to Plaintiff.

**Count Four**

**Secondary Copyright Infringement**

**(-Against Amazon Technologies Inc, Amazon Web Services Inc, PayPal Inc,**

**Salesforce.com Inc, Shopify Inc, Facebook Inc)**

67. Plaintiff incorporates by reference all preceding allegations of this Complaint.
68. Defendants are service providers to the co-defendants as stated below:

| Defendant | Website | Service Provider for Co-Defendant |
|---|---|---|
| Amazon Technologies Inc<br>Amazon Web Services Inc | www.amazon.com<br>https://aws.amazon.com/ | www.chicme.com<br>www.joyshoetique.com<br>www.boutiquefeel.com |
| PayPal Inc | | www.chicme.com<br>www.joyshoetique.com<br>www.boutiquefeel.com<br>www.queenfy.com<br>www.adoryme.com |
| Salesforce.com Inc | | www.queenfy.com |
| Facebook/Instagram | | www.chicme.com |

69. Defendants do not qualify for "safe harbor" under the 17 U.S.C. Section 512 ("DMCA").
70. Plaintiff's copyrights are directly infringed each time the Class A Defendants upload Plaintiff's images and photographs without authorization onto and through the Class B Defendant's system.
71. By providing the site and facilities necessary for its subscribers-Class A Defendants, to commit direct copyright infringement, by providing access to the Internet and the pipes, system, and technology that allows for the storage and transmission of data, and by failing to terminate known repeat infringers, these Class B Defendants have and continue to materially contribute to the unauthorized reproductions and distributions by its subscribers, Class A Defendants, of the Copyrighted Works.
72. Through Plaintiffs' attorney, each Class B Defendant has repeatedly been provided with actual knowledge of the direct infringements occurring through its system.
73. In the case of repeat infringers, Plaintiffs, through their attorney, have forwarded additional notices to Class B Defendants, requesting that it terminate the subscribers' or account holders' accounts. Further, Plaintiffs, through their attorney, have provided Class B Defendants with a log of the repeat infringement. The Class B Defendants have refused to suspend or terminate services to the Class A Defendants or to otherwise act effectively in response to these notices.
74. The Class B Defendants have not acted reasonably or in good faith in response to Plaintiffs' notices of infringement and repeat infringement.

75. The Class B Defendants' acts of infringement have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiffs' rights.

76. As a direct and proximate result of Class B Defendants' infringements of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to damages and Class B Defendant's profits pursuant to 17 U.S.C. § 504(b) for each infringement.

77. Alternatively, Plaintiffs are entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

78. Plaintiffs further are entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

79. The Class B Defendants' conduct are causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to injunctive relief prohibiting further contributory infringements of Plaintiff's copyrights.

**Count Five**

**Vicarious Copyright Infringement**

**(-Against Amazon Technologies Inc, Amazon Web Services Inc, PayPal Inc, Salesforce.com Inc, Shopify Inc, Facebook Inc)**

80. Plaintiff incorporates by reference all preceding allegations of this Complaint.

81. These Class B Defendants have, and continue to have, the right and ability to supervise and/or control the infringing conduct of its subscribers, Class A Defendants, through its agreements and without limitation, blocking access to its subscribers, Class A Defendants, or terminating the accounts of Class A Defendants who engage in infringing activity.

82. But these Class B Defendants have failed to exercise such supervision and/or control. As a direct and proximate result of such failure, the Class A Defendants have repeatedly infringed and will continue to repeatedly infringe Plaintiffs' Copyrighted Works on a massive scale.

83. The Class B Defendants derived (and continue to derive) substantial and direct financial benefit from the infringements of Plaintiff's Copyrighted Works in the form of continued monthly subscription payments.

84. These Class B Defendants have not acted reasonably or in good faith in response to Plaintiffs' notices of infringement and repeat infringement. Their acts of infringement have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiffs' rights.

85. As a direct and proximate result of Class B Defendants' vicarious infringements of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to damages and individual and respective profits of these Class B Defendant's pursuant to 17 U.S.C. § 504(b) for each infringement.

86. Alternatively, Plaintiffs are entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

87. Plaintiffs further are entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

88. The individual and respective conduct of each Class B Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to injunctive relief prohibiting further contributory infringements of Plaintiff's Copyrighted Work.

**WHEREFORE**, Plaintiffs demands judgement against Amazon.com Inc in the excess of Five Hundred Thousand Dollars ($500,000.00) in compensatory damages with interest and costs.

## Count Six
### Invasion of Privacy – Appropriation of Name or Likeness
### (-Against Amazon.com Inc.)
### (- Against www.queenfy.com)
### (-Against Defendant-Hongkong Jigao I.T. Co., Ltd)

89. Plaintiff incorporates by reference all preceding allegations of this Complaint.

90. This cause of action applies to Defendants Hongkong Jigao, Amazon.com, and www.queenfy.com.

91. Defendant published and/or displays, for its commercial interest photographs of Ms. Folake Kuye-Huntoon on its website.

92. The Plaintiff's image was displayed for the purpose of advertising the merchandise sold by Defendant(s) and to promote trade of the merchandise of Defendants.

93. Plaintiff's name and photographs are printed and displayed on the website of Defendant. The use of Plaintiff's name and photograph by Defendant was exclusively for advertising merchandise sold by Defendants and to promote trade of merchandise of Defendants. Copies of the photographs displayed on Defendant's website are attached hereto as Exhibit 9 for Amazon, Exhibit 13 for Queenfy, and Exhibits 1, 2, 3, 5, 8, and 10 for Hongkong Jigao.

94. Defendant never obtained oral or written consent for the use of Plaintiff's name and photographs for its commercial purposes and Plaintiff has never given such oral or written consent to anyone to use her name on a Defendant's products and merchandise.

95. As a result of Defendant's appropriation use and exploitation of Plaintiffs name and photographs for its commercial benefit without Plaintiff or Plaintiffs' consent, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiffs demands judgement against Defendants individually and respectively in the excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages with interest and costs.

## Count Seven
## Direct Copyright Infringement Pursuant to 17 U.S.C §106 and §501
## - Against Amazon.com Inc.

96. Plaintiffs incorporate by reference and re-allege each allegation set forth above, as though fully set forth herein.

97. This cause of action is against Amazon.com Inc.

98. On or about December 10, 2017, Plaintiffs created the FKSP Folded Collar Jumpsuit. To launch the new collection, Plaintiff articulated and modeled the Jumpsuit Collection in photographs. A pending copyright registration is pending for 2017-12-11 FKSP Folder Collar Jumpsuit.

99. On or about July 10, 2018, Plaintiff launched the Buttoned Shoulder Dolman Sleeve Jumpsuit Collection. To launch the new collection, Plaintiff articulated and modelled the Jumpsuit Collection in photographs where was subsequently posted on www.stylepantry.com. A pending copyright registration is pending for the Buttoned Shoulder Dolman Sleeve Jumpsuit Collection.

100. Amazon.com never sought authorization to use Plaintiffs' images or reproduce Plaintiff's Copyrighted works. Neither did Amazon.com receive any license to sell Plaintiff's product.

101. Upon information and belief, Amazon.com lists for sale a Mojessy Women' With Belt for $29.99. Amazon.com's Mojessy Women' With Belt is identical to Plaintiffs' Folded Collar Jumpsuit with Plaintiff's image on Amazon.com's Mojessy Women' With Belt Product Page. (See Exhibit 9)

102. Upon information and belief, Amazon.com Inc lists for sale a Mintsnow Womens Sexy One for sale between $23.99 - $26.99. Amazon.com's Mintsnow Womens Sexy One is identical to Plaintiff's Navy Bell Sleeve Wide Leg Jumpsuit with Plaintiff's image on the product. (See Exhibit 9)

103. Plaintiffs discovered that Amazon.com reproduced, displayed, modified, and or prepared derivative copies of Plaintiff's copyrighted work.

104. Attached as Exhibits 9 are true and correct copies of the instances of infringement of Plaintiffs' Copyrighted Works.

105. Plaintiff owns all rights, title and interest in and to the images and the copyrighted works.

106. Amazon.com has copied, reproduced, distributed, adapted and/or publicly displayed Plaintiff's images and Copyrighted Works without Plaintiff's consent, permission, or authority, thereby directly infringing Plaintiff's copyrights in the Copyrighted Works.

107. Amazon.com's conduct constitutes infringement of Plaintiffs copyrights in the Copyrighted Works and exclusive rights to the same under the Copyright Act in violation of Section 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

108. Each infringement of Plaintiffs rights in and to the images and Copyrighted Works constitutes a separate and distinct act of infringement.

109. The foregoing acts of infringement by Amazon.com have been willful, intentional and purposeful, in disregard of and indifferent to Plaintiff's rights.

110. As a direct and proximate result of Amazon.com's infringement of Plaintiffs exclusive rights Plaintiff is entitled to damages as well as Amazon.com's profits pursuant to 17 U.S.C. § 504(b).

111. Alternatively, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

112. Plaintiff is further entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

113. Defendant's conduct is causing, and unless enjoined and restrained by this Court will continue to cause, irreparable injury that cannot be fully compensated in money. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to injunctive relief prohibiting further infringements of its copyrights in the Copyrighted Works and images.

**WHEREFORE**, Plaintiffs demands judgement against Amazon.com Inc in the excess of Five Hundred Thousand Dollars ($500,000.00) in compensatory damages with interest and costs.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief as follows:

Plaintiffs respectfully requests that the Court declare that Defendants' use of Plaintiffs' copyrighted works and images constitutes infringement.

Specifically, Plaintiffs request that the Court:

A. On Counts One and Two, provide Injunctive Relief as follows:
   1. For an Order that Defendant, its officers, directors, agents, servants, partners, employees, attorneys, licensees, assigns, and all persons acting for, with, by, through or in concert with it be enjoined preliminarily and permanently from:
      a. copying, reproducing, distributing, adapting and/or publicly displaying Plaintiff's Image, Photograph, and Copyrighted Works;
      b. infringing Plaintiff's copyrights in each of the Copyrighted Works;
      c. advertising, marketing, promoting, offering for sale, or selling any goods or services that infringe Plaintiff's Copyrighted Works; and
      d. unfairly competing with Plaintiff in any manner.
   2. That Defendant be required to deliver up to Plaintiff for destruction any product, packaging, literature, catalogs, signs, advertising material, plant tags, posters, brochures and the like, or any confusingly similar variation thereof, including any of Plaintiff's images and the Copyrighted Works;
   3. That Defendant, within thirty days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Plaintiff's attorney

a written report, under oath, setting forth in detail the manner in which Defendant has complied with Paragraphs 1 and 2 above.

B. As to Count One for Copyright Infringement:
  1. Maximum statutory damages pursuant to 17 U.S.C. § 504(c), or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).
  2. Plaintiff's damages and Defendant's profits pursuant to 17 U.S.C. § 504(b), in such amount as may be proven at trial.
  3. That Plaintiffs be awarded its reasonable costs and attorney's fees.
  4. That Plaintiffs be awarded prejudgment interest.
  5. That Plaintiffs have such other and further relief as the Court may deem equitable.

C. As to Count Two for Common Law Unfair Competition:
  1. That Defendants be required to account for and pay to Plaintiff its profits and the cumulative damages sustained by Plaintiffs by reason of Defendants' unlawful conduct herein alleged.
  2. That Plaintiffs be awarded punitive damages.
  3. That Plaintiffs have such other and further relief as the Court may deem equitable.

D. As to Count Three for Relief for Unjust Enrichment:
  1. That the Court order disgorgement and/or restitution of Defendants' profits to Plaintiffs.
  2. That Plaintiffs have such other and further relief as the Court may deem equitable.

E. On all other counts:
  1. For entry of judgment against Defendants for all damages to which Plaintiffs may be entitled, including Defendants' profits and for damages in an amount as may be proven at trial. Alternatively, at Plaintiffs' election, for the maximum statutory damages amount allowed by law for all individual copyright infringements involved in this action with respect to any one work, or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c);
  2. For a permanent injunction enjoining Defendants and their respective officers, agents, servants, employees, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each or any of them, from (a) directly or indirectly infringing in any manner any of Plaintiffs' respective copyrights or other exclusive rights (whether now in existence or hereafter created), including without

limitation, copyrights or any exclusive rights, and (b) causing, contributing to, enabling, facilitating, or participating in the infringement of any of Plaintiffs' respective copyrights or other exclusive rights (whether now in existence or hereafter created), including without limitation, copyrights or exclusive rights;

3. That Plaintiffs have such other and further relief as the Court may deem equitable.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury on all issues so triable.

*I solemnly affirm under the penalties of perjury that the content of the foregoing Complaint are true to the best of my knowledge and belief*

_____
Folake Kuye-Huntoon, President
(For: Style Pantry LLC and Self)

Respectfully submitted,

**Jimi Kolawole, Esq.(Federal Bar No: 19732)**
Kolawole Law Firm LLC
7517 Cedar Grove Lane,
Elkridge, Md. 21075
443 546 8146 | oakolawole@justklf.com
Fax: 240 713 3242