UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

November 15, 2018

LETTER TO COUNSEL

      RE:    *Style Pantry LLC, et al. v. Hongkong Jigao Information & Technology Co., Ltd., et al.*; Civil No. GLR-18-1981

Dear Counsel:

This matter has been referred to me to resolve the discovery dispute arising from Plaintiffs Style Pantry LLC and Folake Kuy-Huntoon's ("Style Pantry's") Motion to Compel Amazon.com Inc. ("Amazon") to comply with Style Pantry's July 5, 2018, subpoena. [ECF 43]. I have considered Style Pantry's Motion, and Amazon's Opposition. [ECF 20, 26]. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Style Pantry's Motion will be denied.

    **I.    PROCEDURAL HISTORY**

Style Pantry filed this suit on June 29, 2018, alleging copyright infringement, misappropriation, unjust enrichment, and invasion of privacy. [ECF 1]. On July 5, 2018, Style Pantry sent a subpoena to Amazon's registered agent, demanding information associated with particular IP addresses. [ECF 20 Ex. A]. On July 20, 2018, Amazon replied to Style Pantry's subpoena, objecting on numerous grounds. [ECF 20 Ex. B]. On August 4, 2018, Style Pantry filed its Motion to Compel. [ECF 20]. Amazon filed its Opposition to the Motion to Compel on August 17, 2018. [ECF 26]. Since that date, United States District Judge George L. Russell, III, denied Style Pantry's intervening Motion for Default Judgment, [ECF 32], Amazon filed an answer, [ECF 33], and Style Pantry filed an amended complaint, [ECF 42]. To date, there have not been any discovery scheduling conferences or scheduling orders in this case.

    **II.    MOTION TO COMPEL**

Among the host of issues Amazon raises with Style Pantry's Motion to Compel is an argument that the underlying subpoena constituted an improper attempt to obtain early discovery without leave of court. D. Opp. 3. Federal Rule of Civil Procedure 26(d) forbids parties from "seek[ing] discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Under Local Rule 104.4, the Rule 26(f) conference "need not take place and discovery shall not commence . . . until a scheduling order is entered." Loc. R. 104.4 (D. Md. 2016).

Here, there has been no scheduling order entered, and counsel have not held a Rule 26(f) conference. Therefore, Style Pantry's subpoena constituted a premature discovery attempt. Its use of the subpoena to attempt to circumvent the usual discovery schedule is "contrary to the traditional interpretation of the Federal Rules of Civil Procedure, which dictates that the rules must be construed in a manner that is internally consistent." *Neel v. Mid-Atlantic of Fairfield, LLC*, Civil No. SAG-10-cv-405, 2012 WL 98558, at *1 (D. Md. Jan. 11, 2012) (citing *Mortgage Information Services, Inc. v. Kitchens*, 210 F.R.D. 562, 566 (W.D.N.C. 2002)).

A required component in a motion to compel is a "certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Amazon's counsel alluded to this requirement in the first paragraph of Amazon's objections to Style Pantry's subpoena. [ECF 20 Ex. B] ("To the extent that a meet and confer regarding any of these objections is necessary, please contact undersigned counsel."). Style Pantry's Motion is deficient, because it does not include the certification that Style Pantry conferred or attempted to confer with Amazon before filing the Motion to Compel. Accordingly, Style Pantry's Motion to Compel will be denied.

Style Pantry's disregard for the scheduling of discovery mandated by the rules and its failure to certify an attempt to confer, are sufficient grounds for denying its Motion, and I need not address the other deficiencies Amazon alleges.

### III. AMAZON'S REQUEST FOR FEES AND EXPENSES

Amazon asks that this Court award it the reasonable expenses and fees it incurred in defending against Style Pantry's Motion. [ECF 26]. Federal Rule of Civil Procedure 37 provides that, if a motion to compel is denied:

> the court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(B). A motion is "'substantially justified' if there is a 'genuine dispute' as to proper resolution or if 'a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.'" *Proa v. NRT Mid Atl., Inc.*, 633 F. Supp. 2d 209, 213 (D. Md. 2009) (quoting *Decision Insights, Inc. v. Sentia Grp., Inc.*, 311 Fed. App'x 586, 599 (4th Cir. 2009)), *aff'd sub nom. Proa v. NRT Mid-Atl., Inc.*, 398 F. App'x 882 (4th Cir. 2010); *see also Lynn v. Monarch Recovery Mgmt., Inc.*, 285 F.R.D. 350, 365 (D. Md. 2012) ("Courts have concluded that 'substantial justification' could include making meritorious objections to requested discovery, or even engaging in a legitimate dispute over the sequence of discovery.") (citation and internal quotations omitted).

Here, because Style Pantry's Motion to Compel will be denied, the Court must award reasonable expenses, including attorney's fees, unless Style Pantry can show its Motion was substantially justified. *See* Fed. R. Civ. P. 37(a)(5)(B). As discussed above, Style Pantry ignored the requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court. Thus, I find that an award of reasonable expenses and attorneys' fees incurred by Amazon in opposing Style Pantry's Motion may be appropriate.

However, Amazon's request for an award will be adjudicated only after it files a supplementary brief, including an invoice reflecting the reasonable expenses and fees it incurred in opposing this Motion. The supplement shall be filed on or before December 4, 2018. Style Pantry's counsel will then have an opportunity to submit an opposition to Amazon's request for an award of fees, and/or to the amount requested, by December 18, 2018.

**Conclusion**

For the reasons discussed herein, Style Pantry's Motion to Compel, [ECF 20], is DENIED. The parties are ordered to proceed in accordance with the above briefing schedule regarding Amazon's request for an award of fees.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge